UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY BUSALACCHI,

    Plaintiff,

v.                                  Case No. 3:25-cv-380-TJC-SJH

GARY GUHL and JAE GUHL,

    Defendants.

## O R D E R

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Defendants removed this car accident case based on diversity jurisdiction. (Doc. 1 ¶ 1). Under 28 U.S.C. § 1332(a), parties must have complete diversity of citizenship and the amount in controversy must exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999). Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Defendants' evidence of the amount in controversy is based on plaintiff's proposal to settle the case for $100,000.[1]  See Doc. 11-1.  While documents such as this may count for something when detailed, this one is conclusory and may be no more than pure posturing.  See, e.g., Williams v. Circle K Stores, Inc., No. 3:21-cv-723-TJC-MCR, 2021 WL 4033308 (M.D. Fla. Sept. 3, 2021) (declining to assume that demand letter seeking $300,000 was more than mere puffery and posturing); Smith v. Barkley, No. 6:19-cv-2064-Orl-41EJK, 2020 WL 13597991, *3 (M.D. Fla. Jan. 29, 2020) (finding settlement offer of $1,000,000 was not evidence of amount in controversy where medical bills were only $12,500 with further medical treatment needed); cf., Griffis v. Wal-Mart Stores, East, L.P., No. 3:18-cv-935-J-32MCR, 2018 WL 4444470 (M.D. Fla. Sept. 18, 2018) (finding removal untimely where earlier received proposal for settlement for $650,000 was not puffery when defendant already knew of medical bills totaling over $200,000).

The general allegations of the complaint here give little hint of the extent of plaintiff's injuries and the only other evidence is plaintiff's interrogatory responses.[2]  Doc. 1-5, Ex. 4.  The most relevant item here is plaintiff's

---

[1] Defendants filed this document after the Court questioned whether the amount in controversy was satisfied.  See Doc. 10.

[2] In his complaint (and apparently on the state court civil cover sheet, which is not of record but is referenced in the complaint and by defendants), plaintiff states the amount in controversy exceeds $50,000, but plaintiff noted in his complaint that he was listing this figure for jurisdictional purposes only.

statement that his "neck, back, and left shoulder hurt."  Id.  While he lists a few medical providers, there is no billing information.  Id.

On this record, defendant has not met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is hereby

**ORDERED:**

This case is sua sponte **remanded** to the Fourth Judicial Circuit Court in and for Duval County, Florida.  Following remand, the Clerk shall **close** the file.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:

Counsel of record

Clerk of Court of the Fourth Judicial Circuit Court
 in and for Duval County, Florida

---

See Doc. 1-1; see also Martinez-Lopez v. Bowden, No. 3:23-cv-736-JTC-LLL, 2024 Wl 1252381 (M.D. Fla. Mar. 25, 2024) (discussing Florida state court civil cover sheets).  Surprisingly, instead of stating on the federal court civil cover sheet that the amount in controversy exceeds $75,000, defendants too only wrote that it exceeds $50,000, see Doc. 1-6, but the Court will not take this into account.

3